**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen Christensen, | No. CV-18-02346-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| VEBA Incorporated Long Term Disability Plan, et al., | |
| Defendants. | |

The parties have a preliminary dispute involving the applicability of the "Mandatory Initial Discovery Pilot" ("MIDP"). As relevant here, the MIDP "applies to all civil cases filed on or after May 1, 2017, other than cases listed in Rule 26(a)(1)(B)." The referenced portion of Rule 26 lists the "proceedings" that are exempt from the requirement to provide initial disclosures. The first item on that list is "an action for review on an administrative record." Plaintiff believes the present suit does not qualify as one "for review on an administrative record" while Defendants believe it does. The history of the relevant portion of Rule 26, together with the manner in which most cases involving ERISA claims for benefits are litigated, establish the MIDP applies to this case.

In 2000, Rule 26 was "amended to establish a nationally uniform practice" regarding initial disclosures. Advisory Committee Notes, 2000 Amendment. As part of that amendment, language was added to Rule 26 to exclude certain types of proceedings from the initial disclosure requirement. The list of excluded proceedings was meant to cover those "cases in which there is likely to be little or no discovery, or in which initial disclosure

appears unlikely to contribute to the effective development of the case." *Id.* As for the specific exclusion of cases involving "review on an administrative record," it was "intended to reach a proceeding that is framed as an 'appeal' based solely on an administrative record." *Id.* This exclusion was not meant to "apply to a proceeding in a form that commonly permits admission of new evidence to supplement the record." *Id.*

In light of the Advisory Committee Notes, some examples of what likely qualify as actions "for review on . . . administrative record[s]" are cases brought under the Administrative Procedures Act or cases seeking review of decisions by the Social Security Administration. *See See Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996) ("Judicial review of an agency decision typically focuses on the administrative record in existence at the time of the decision and does not encompass any part of the record that is made initially in the reviewing court."); 42 U.S.C. § 405(g) (review of decision by the Social Security Administration is limited to "the pleadings and a transcript of the record"). In those cases, discovery is either rare or prohibited. At first glance, cases involving ERISA claims for benefits appear similar.

The general rule when resolving an ERISA claim for benefits is that a "court may review only the administrative record when considering whether the plan administrator abused its discretion." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006). There are some limited exceptions to this rule. *See, e.g.*, *Pac. Shores Hosp. v. United Behavioral Health*, 764 F.3d 1030, 1041 (9th Cir. 2014) ("[W]hen procedural irregularities are apparent in an administrator's determination, we may consider extrinsic evidence to determine the effects of the irregularity."). But, in general, a case involving an ERISA claim for benefits can be analogized to a "an action for review on an administrative record" in that almost all ERISA claims for benefits involve an administrative record and a court's review can be limited to that record in some circumstances. Fed. R. Civ. P. 26(b). Current law, however, requires courts look beyond the administrative record in most cases.

The Ninth Circuit and the Supreme Court have instructed district courts handling ERISA claims for benefits to review a variety of circumstances when applying the

appropriate standard of review. *See, e.g.*, *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 965 (9th Cir. 2006) (holding "conflict of interest is relevant to how a court conducts abuse of discretion review"); *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 116-17 (2008) (noting "conflicts are but one factor among many that a reviewing judge must take into account"). Given those instructions, district courts handling ERISA claims for benefits routinely grant at least a limited amount of discovery. *See, e.g.*, *Carrillo v. Life Ins. Co. of N. Am.*, No. CV098277DMGJEMX, 2010 WL 11597439, at *1 (C.D. Cal. Aug. 30, 2010) (noting "courts in this Circuit routinely have permitted limited conflict of interest discovery as to the nature, extent, and effect on the decisionmaking process of any conflict of interest"). Because the Rule 26 exclusion does not "apply to a proceeding in a form that commonly permits admission of new evidence to supplement the record," it is a poor fit for cases involving ERISA claims for benefits.[1] Advisory Committee Notes, 2000 Amendment.

Because the exclusion in Rule 26 does not apply to cases involving ERISA claims for benefits, the MIDP applies to the present case. That conclusion, however, raises a practical concern because the MIDP goes beyond what is required by Rule 26. Normally, Rule 26 requires a party's initial disclosure include information that the party plans to use to support its own claims or defenses. Fed. R. Civ. P. 26(a)(1)(A). Because a disclosing party knows how it plans to proceed in the litigation, it is straightforward to disclose the information it expects to use. The MIDP, however, imposes much broader disclosure requirements. Under the MIDP, a party must disclose information "relevant to any party's

---

[1] Courts across the country have reached different conclusions on this issue. *Compare Lee v. Sun Life Assur. Co. Of Canada*, 2010 WL 2231943, *5 (D. Or. April 1, 2010) ("[I]n an ERISA case, the court only reviews the administrative record such that initial disclosures are not necessary.") and *Grady v. Hartford Life & Accident Ins. Co.*, 2009 WL 700875, *1 (D. Me. Mar. 12, 2009) ("Discovery is the exception, rather than the rule, in an appeal of a plan administrator's denial of ERISA benefits.") *with Hamma v. Intel Corp.*, No. 2:07-CV-01795GEBCMK, 2008 WL 648482, at *3 (E.D. Cal. Mar. 4, 2008) (requiring initial disclosures because the parties "agreed that discovery outside the administrative record" was appropriate) *and Golden v. Sun Life Fin., Inc.*, No. 2:08-CV-070-WKW, 2008 WL 2782736, at *3 (M.D. Ala. July 15, 2008) (requiring initial disclosures because the case "may include evidence beyond the administrative record"). The Court has not located any decision, however, that has cited the relevant history of Rule 26, recognized that discovery routinely occurs, but then concluded the exception in Rule 26 applies to cases involving an ERISA claim for benefits.

1  claims or defenses." In other words, the MIDP requires a party anticipate what evidence
2  would be helpful to the opposing side and then disclose that evidence. That can be difficult
3  when, as here, a defendant is uncertain what information a plaintiff believes would be
4  helpful.

5  Here, Plaintiff has alleged Defendants were operating under a conflict of interest
6  and believes the MIDP requires Defendants disclose all information that would be helpful
7  in establishing the impact that conflict had in the handling of Plaintiff's claim. Plaintiff
8  has not, however, identified the specific nature of the conflict she believes exists. Absent
9  specific guidance from Plaintiff regarding the nature of the conflict she has in mind,
10 Defendants have no way of knowing what information they should disclose.

11 The correct result, therefore, is a partial victory for each side. The MIDP applies to
12 the present case but it is unrealistic to expect Defendants to identify all the evidence
13 Plaintiff might believe appropriate for assessing the conflict of interest. Now that the Court
14 has already held the Scheduling Conference, the simplest path is for Plaintiff to seek the
15 conflict of interest information she wishes through the normal discovery processes.[2] That
16 will prevent Defendants from having to guess what information should be produced.

17 … …
18 … …
19 … …
20 … …
21 … …

---

[2] This Order focuses on Plaintiff's claim for benefits but Plaintiff has also asserted a claim for breach of fiduciary duty. The applicability of the MIDP to that claim is more straightforward. When a plaintiff asserts a breach of fiduciary duty claim, there often will not be an underlying administrative record. *See Graphic Commc'ns Union, Dist. Council No. 2, AFL-CIO v. GCIU-Employer Ret. Ben. Plan*, 917 F.2d 1184, 1187 (9th Cir. 1990) (plaintiff need not administratively exhaust some claims for breach of fiduciary duty). In that situation, there would be no basis for the Rule 26 exclusion to apply. In the present case, it is unclear whether the breach of fiduciary duty claim is a distinct claim or if it is simply a disguised claim for benefits. *See Diaz v. United Agr. Employee Welfare Ben. Plan & Tr.*, 50 F.3d 1478, 1484 (9th Cir. 1995). In light of the uncertainty regarding the nature of the breach of fiduciary duty claim, it would be difficult for Defendants to produce under the MIDP all information relevant to that claim. Accordingly, Plaintiff should also obtain through normal discovery processes the information she believes relevant to her breach of fiduciary duty claim.

Accordingly,

**IT IS ORDERED** Plaintiff should seek the information she believes relevant to her claims through the normal discovery processes.

Dated this 11th day of January, 2019.

_____
Honorable Roslyn O. Silver
Senior United States District Judge